UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

VERONICA ABREGO,

          Plaintiff,

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

No. CV04-1000-MO

OPINION AND ORDER

MOSMAN, J.,

    Claimant Veronica Abrego seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits ("SSI"). Defendant moved to remand this case for further administrative proceedings (#21).

    This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Both parties agree that the case must be remanded and dispute only the purpose of the remand. The sole issue in this case is whether the remand should be for further administrative proceedings or for an immediate payment of benefits. For the reasons set forth below, the court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate award of benefits.

ADMINISTRATIVE HISTORY

    Ms. Abrego protectively filed an application for SSI on July 13, 1995. After mesne

administrative proceedings, Administrative Law Judge ("ALJ") Madden found Ms. Abrego not disabled on January 20, 1998. The Appeals Council declined to review the ALJ's findings. Thereafter, Ms. Abrego sought judicial review in this court in CV99-6173-JO. Judge Jones ordered that the case be remanded to the Commissioner in accordance with the court's opinion filed May 25, 2000. In the remand proceedings, the ALJ once again found Ms. Abrego not disabled on March 17, 2004, and this became the final decision of the Commissioner. Now Ms. Abrego seeks judicial review of the Commissioner's final decision.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Substantial evidence is "more than a scintilla but less than a preponderance." *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The initial burden of proof rests upon the claimant to prove that she is disabled. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for a

continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  *Id*. at § 423(d)(2)(A).

The ALJ employed the five-step sequential evaluation process in determining whether claimant was disabled.  *See* C.F.R. § 416.920.  At step one, the ALJ determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At step two, the ALJ determines whether the claimant has a severe impairment that significantly limits her physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment, she is not disabled.  *See id*.  At step three, the ALJ determines whether the impairment meets or equals one of a number of listed impairments (the "Listings") that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *See* 20 C.F.R. § 416.920(d).  If so, the claimant is conclusively presumed disabled; if not the ALJ proceeds to step four.

At step four, the ALJ evaluates whether the claimant retains the capacity to perform past relevant work.  20 C.F.R. § 416.920(e).  The claimant is not disabled if she can perform past relevant work, but if she cannot perform past relevant work, then the burden shifts to the Commissioner.  At step five, the Commissioner must establish that the claimant can perform any other work in the national economy.  20 C.F.R. § 416.920(e).  If the Commissioner meets this burden, then the claimant is not disabled.  *Id*.

Here, at step one, the ALJ found that Ms. Abrego had not engaged in substantial gainful

activity since the alleged onset of disability. (Tr. 413). At steps two and three, the ALJ found that Ms. Abrego had medically determinable impairments that were "severe" but that did not meet or equal a Listing. (Tr. 413). The ALJ determined Ms. Abrego had the residual functional capacity for a limited range of light and sedentary work. (Tr. 413). Finally, the ALJ concluded that although Ms. Abrego had no transferrable skills, she could adjust to other work existing in significant numbers in the national economy, including file clerk, office helper and Marker II. (Tr. 410-414). Accordingly, the ALJ found Ms. Abrego not disabled and not eligible to receive benefits. (Tr. 414). Ms. Abrego alleges error at steps three and five of the sequential evaluation.

STATEMENT OF FACTS

The Commissioner stipulated to Ms. Abrego's statement of facts. Def.'s Mem. Supp. Remand at 3. Given that the parties agree that the case must be remanded and dispute only the purpose of such a remand, there is no need to recite the entire record evidence here. Three facts are relevant to deciding the purpose of this remand. First, the Commissioner concedes that the ALJ did not give proper weight to Dr. Haydon's opinions regarding Ms. Abrego's functional limitations. Def.'s Mem. Supp. Remand at 5. Second, in addressing the paragraph B criteria of the mental impairment listings, Dr. Haydon opined that Ms. Abrego had *moderate* restrictions in daily living activities, *marked* difficulties in maintaining social functioning living, *frequent* deficiencies of concentration, and *three or more* episodes of deterioration in work-like settings, all of which go to whether Ms. Abrego's impairments meet or equal a Listing in Step 3. (Tr. 508). Third, the vocational expert ("VE") testified at the remand hearing that if Ms. Abrego were limited as described by Drs. Haydon and Loberg, Ms. Abrego could not perform other

work. (Tr. 799-800).

DISCUSSION

According to sentence four of 42 U.S.C. § 405(g), it is appropriate to remand a case in conjunction with a judgment affirming, modifying, or reversing the Commissioner's decision. Ordinarily, the decision whether to remand for further proceedings or simply to award benefits is within the court's discretion. *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993). Remand for further administrative proceedings "is appropriate 'where additional administrative proceedings could remedy defects'; but where remand would only delay the receipt of benefits," the court should enter judgment for the claimant. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989), quoting *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985). Courts generally award benefits "when no useful purpose would be served by further administrative proceedings" or "when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion." *See Rodriguez*, 876 F.2d at 763.

The Commissioner argues that remand for further administrative proceedings is "necessary for the [ALJ] to obtain vocational expert testimony regarding the type of jobs [Ms. Abrego] can perform with her residual functional capacity." Def.'s Mem. Supp. Remand at 2. After stipulating to Ms. Abrego's statement of facts, the Commissioner explained:

> Plaintiff has correctly noted that third party witness testimony was not adequately addressed. Plaintiff has also identified the opinions of Dr. Hayden (sic), which were not given proper weight. These errors demand a judgment in Plaintiff's favor, with remand.
>
> The appropriate remedy for this error is a remand for further proceedings. At this point in the process, we simply do not

> know whether Plaintiff would be capable of performing any jobs in
> the national economy. She may or may not be disabled.

Def.'s Mem. Supp. Remand at 5.

Ms. Abrego urges the court to remand for an immediate award of benefits because if the court credits Dr. Haydon's opinion as a matter of law, as it is required to do, then Ms. Abrego is "disabled" under both step three and step five of the sequential evaluation. *See e.g.*, *Reddick v. Chater*, 157 F.3d 715, 729-30 (9th Cir. 1998) (remanding for an award of benefits where VE testified that if limitations previously discredited by the ALJ were considered, claimant would not be able to perform any other work). Ms. Abrego asserts that the facts of this case satisfy the three-factor "Smolen test" for determining when evidence should be credited and an immediate award of benefits directed: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the Ms. Abrego disabled were such evidence credited." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

In *Harman*, the Ninth Circuit remanded for additional proceedings after finding that claimant failed the *Smolen* test. Two findings precluded an immediate award of benefits in *Harman*:

> First, Dr. Fox's conclusion that [claimant] is totally disabled is a
> medical rather than a legal conclusion. In contrast to other cases in
> which we have remanded for a payment of benefits based upon the
> improper rejection of medical testimony, here there was no
> testimony from the vocational expert that the limitations found by
> Dr. Fox would render Appellant unable to engage in any work. In
> cases where the testimony of the vocational expert has failed to

> address a claimant's limitations as established by improperly
> discredited evidence, we consistently have remanded for further
> proceedings rather than payment of benefits.

*Harman*, 211 F.3d at 1178. Second, the ALJ in *Harman* was not presented with critical physician testimony opining that claimant could not work on a regular sustained basis. *Id.* The appropriate remedy in such a case is a remand for further administrative proceedings to consider the additional evidence that was not previously presented to the ALJ. *Id.*

This case is readily distinguishable from *Harman*. Here, the ALJ had two opportunities to evaluate, through a VE, the legal consequences of crediting Dr. Haydon's medical opinions.[1] Unlike *Harman*, the testimony of the VE expressly addresses Ms. Abrego's capacity to work if the discredited testimony of Dr. Haydon regarding Ms. Abrego's limitations were accepted; the VE testified that, accepting the limitations described by Dr. Haydon, Ms. Abrego could not perform work. (Tr. 799-800). In contrast to *Harman*, this case does not present an issue of additional evidence not considered by the ALJ such that remand for further proceedings would be appropriate.

Applying the *Smolen* test to the facts here establishes that remand for an immediate award of benefits is the appropriate remedy. The first factor is established via the Commissioner's concession that the ALJ failed to provide legally sufficient reasons for rejecting Dr. Haydon's opinions. *See e.g., Lester*, 81 F.3d 821, 834 (9th Cir. 1995) ("Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law.") (internal citations omitted).

---

[1] The first opportunity arose with the ALJ's January 20, 1998 decision, and the second with the March 17, 2004 decision.

The Commissioner's argument in support of remand for further proceedings seems to focus on the second factor, the need to resolve outstanding issues before a determination of disability can be made. Specifically, the Commissioner posits that remand is necessary for the ALJ to obtain VE testimony regarding the type of jobs that Ms. Abrego can perform with her residual functional capacity. Contrary to the Commissioner's assertion, the ALJ already obtained VE testimony that addressed Ms. Abrego's inability to work if the improperly discredited opinions of Dr. Haydon were credited. Moreover, the Commissioner stipulated to Ms. Abrego's statement of facts that includes this VE testimony. Thus, the Commissioner's argument that "we simply do not know whether [Ms. Abrego] would be capable of performing any jobs in the national economy" lacks merit and there is not an outstanding issue to be resolved on this matter.[2]

Under the third factor of the *Smolen* test, the ALJ would be required to find Ms. Abrego disabled, in either step three or step five of the sequential evaluation, if the improperly discredited testimony were accepted. Applying Dr. Haydon's rejected opinions of Ms. Abrego's functional limitations at step three of the sequential evaluation, the ALJ would be required to find Ms. Abrego presumptively disabled. The ALJ found that Ms. Abrego suffered from "severe" dysthymia and a "severe" anxiety disorder. (Tr. 397). To conduct the step three analysis for mental impairment listings, the level of severity required for a dysthymic disorder (Listing 12.04) and an anxiety disorder (Listing 12.06) is met when at least two paragraph B

---

[2] The Commissioner makes no argument relating to the incompleteness of the administrative transcript of the remand hearing. The court agrees with Ms. Abrego that the missing portion of the testimony is not critical to resolving the vocational issues because the portion that is contained in the record includes the VE's testimony addressing the improperly discredited opinions of Dr. Haydon.

PAGE 8 - OPINION AND ORDER

criteria are satisfied. *See Shneider v. Comm'r*, 223 F.3d 968, 974-75 (9th Cir. 2000). Dr. Haydon addressed these paragraph B criteria and opined that Ms. Abrego met at least three of these: she has *moderate* restrictions in daily living activities, she has *marked* difficulties in maintaining social functioning, she exhibits *frequent* deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner, and she suffered *three or more* episodes of deterioration or decompensation in work-like settings. (Tr. 508). Accepting Dr. Haydon's opinions at step three in the sequential evaluation, Ms. Abrego is presumptively disabled. Further, the inadequately considered third party witness testimony bolsters this step three presumptive disability because it corroborates Dr. Haydon's opinions.

Additionally, the third part of the *Smolen* test is satisfied under step five of the sequential evaluation of disability. Had the ALJ credited Dr. Haydon's medical opinions, then the ALJ could not have concluded the Commissioner met her burden to establish that Ms. Abrego can perform any other work in the national economy. 20 C.F.R. § 416.920(e); *see Reddick*, 157 F.3d at 729. The VE testified that "[b]ased on Dr. Hayden's (sic) 11/8/99 report, I would conclude that she would not be able to work." (Tr. 799). The legal consequence of accepting Dr. Haydon's opinions, as the testimony of the VE explains, is that Ms. Abrego cannot perform other work. Thus, Ms. Abrego qualifies as disabled under step five of the sequential evaluation.

CONCLUSION

In this case, the ALJ's reasons for discrediting Dr. Haydon's opinions and the lay witness testimony were legally insufficient. There are no outstanding issues to preclude the court from making a disability determination on the merits. The record is fully developed and, considering the evidence that the ALJ improperly discredited, a finding of disability is required. Ms. Abrego

has already waited over ten years for her disability determination, and additional proceedings would only delay her receipt of benefits. Therefore, the court finds Ms. Abrego was disabled throughout the relevant period, and remands for an award of benefits.

IT IS SO ORDERED.

DATED this __27th__ day of October, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge