UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

VERONICA ABREGO,

                Plaintiff,

v.

COMMISSIONER OF THE
SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

No. CV04-1000

OPINION AND ORDER

**MOSMAN, J.,**

This matter came before the court on December 8, 2005 on Ms. Abrego's Motion (#26) for Attorneys' Fees, Costs and Expenses Pursuant to the Equal Access to Justice Act ("EAJA"). Plaintiff sought an award of $12,000 (fees) plus $170.50 (costs) plus $16.99 (expenses). For the reasons stated below, Ms. Abrego's motion is GRANTED.

I.      BACKGROUND

On July 13, 1995, Ms. Abrego filed an application for supplemental security income benefits ("SSI"). Administrative Law Judge ("ALJ") Madden found Ms. Abrego not disabled on January 20, 1998. Thereafter, Ms. Abrego sought judicial review in this court, and Judge Jones ordered that the case be remanded to the Commissioner in accordance with the court's opinion filed May 25, 2000. In the remand proceedings, the ALJ again found Ms. Abrego not disabled on March 17, 2004. When Ms. Abrego sought judicial review for the second time in this court, defendant requested a remand for further administrative proceedings. On November 7, 2005, I entered judgment finding that Ms. Abrego is disabled and remanding for an immediate award of

PAGE 1 - OPINION AND ORDER

benefits under sentence four of 42 U.S.C. § 405(g).  As the prevailing party, Ms. Abrego filed the motion (#26) currently before the court for fees, costs and expenses under the EAJA.

II.     DISCUSSION

The EAJA provides that a court shall award fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The Commissioner conceded that "the administrative decision was not substantially justified, and that Plaintiff is therefore entitled to attorney's fees under the EAJA."  Def.'s Resp. at 2.  The Commissioner also stipulated to Ms. Abrego's itemization of costs and expenses (Pl.'s Ex. D) and to the hourly rates ($156.15) applied in Ms. Abrego's fee calculation.  Def.'s Resp. at 2.[1]  The Commissioner objects only to the number of hours Ms. Abrego's counsel expended, 80.95, as unreasonable and submits that "a reasonable award would compensate Plaintiff's counsel for 45 (rather than a combined 80.95) hours."  Def.'s Resp. at 4.

"The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  Then, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence . . . challenging the accuracy and reasonableness of the hours charged."  *Id*. at 1397-98.

Plaintiff's counsel satisfied the initial burden of documenting the hours expended towards

---

[1] Plaintiff's fee calculation ($156.15 X 80.95) would result in a fee of $12,640.34.  In the exercise of billing discretion and to account for any possible overbilling which might result from using the June 2005 Consumer Price Index for All Urban Consumer (CPI-U), plaintiff reduced this amount and requested a fee of only $12,000.00.

PAGE 2 - OPINION AND ORDER

pursuing this litigation.  In support of the reasonableness of the number of hours spent in obtaining a remand for an immediate award of benefits, plaintiff offers the following: (1) the administrative record filled 816 pages, above the average number of pages in routine social security cases; (2) plaintiff's current counsel was not involved in plaintiff's first case the district court remanded for further proceedings, requiring current counsel "to engage in original research and analysis" before drafting the pleadings in this action; (3) the record involved complicated medical facts; and (4) counsel's expenditure of time obtained an extraordinary result in obtaining a remand for an immediate award of benefits, rather than a mere remand for further proceedings. Pl.'s Reply at 3-7.  Additionally, plaintiff relies on several cases in which courts have found similar numbers of hours to be reasonable even in "routine" social security cases.  *See, e.g., Poslednik v. Sullivan*, 718 F. Supp. 1097, 1099 (S.D.N.Y. 1989) (finding reasonable the 80 hours spent by counsel in a "relatively routine" social security case); *Ground v. Sullivan*, 785 F. Supp. 1407, 1412 (S.D. Cal. 1992) (finding 96.25 hours to be reasonable "in light of the numerous hearings and procedures necessary to win the plaintiff her benefits.").

      The Commissioner urges the court to reduce the number of hours from 80.95 to 45.00 on the grounds that it was not "necessary for two attorneys of Messrs. Wilborn and Wilborn's experience to have spent quite as much time on this case as indicated on their time sheets." Def.'s Resp. at 3.  Essentially, the Commissioner contends that this case required less time than spent by plaintiff's counsel because of their experience.  I reject this argument because the Commissioner failed to present evidence regarding the unreasonableness of any time-entry.  I will not reduce plaintiff's hour calculation based on the Commissioner's conclusion, made without explanation, that 45 hours represents a more reasonable figure.  *See Blum v. Stenson*, 465

PAGE 3 - OPINION AND ORDER

U.S. 886, 892 n.5 (1984) (declining to consider objections to the reasonableness of the number of hours expended because the objecting party "failed to submit . . . any evidence challenging the accuracy and reasonableness of the hours charged."); *see also Lucas v. White*, 63 F. Supp. 2d 1046, 1057-58 (N.D. Cal. 1999) ("Conclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees.").

III.    CONCLUSION

Plaintiff's motion (#26) for attorneys' fees pursuant to the EAJA is GRANTED, and plaintiff is awarded $12,000 in fees, $170.50 in costs, and $16.99 in expenses, for a total of $12,187.49.

IT IS SO ORDERED.

DATED this __9th__ day of March, 2006.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 4 - OPINION AND ORDER